## Magee v. Caramella, Appellant.

*Justice of the peace—Appeal—Extension of time for taking appeal.*

Where a defendant appears at a hearing before a justice of the peace, offers no testimony, and leaves the office of the justice without any inquiry as to what the justice intended to do, and the justice, after the departure of the defendant, and on the same day, enters judgment against the defendant, the twenty days for taking an appeal begins to run from the date of the entry of the judgment, and not from a day ten days thereafter when the defendant first heard of the entry of the judgment. In such a case an appeal taken more than twenty days after the date of the judgment will be quashed and stricken from the record.

Argued March 2, 1908. Appeal, No. 49, March T., 1908, by defendant, from order of C. P. Monroe Co., Sept. T., 1907, No. 21, quashing appeal in case of Magee Bros. v. Louis Caramella. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to quash appeal.

STAPLES, P. J., filed the following opinion:

This case does not come within the line of cases which have given appellants additional time for the taking of an appeal from a justice of the peace after the expiration of twenty days.

The undisputed facts in this case are that the defendant appeared at the suit before the justice of the peace, offered no testimony and, as stated by the defendant in his answer, "that after hearing the plaintiff's evidence, the said defendant offering no evidence, and after the hearing of the said suit had entirely come to an end, the said defendant, accompanied by his counsel, left the office of the said justice of the peace, without any word being said or act done by the said justice of the peace in regard to the entry of any judgment on the said twenty-first day of June, A. D. 1907."

About ten days after that defendant's counsel, upon inquiry made of the justice, learned that judgment had been entered on June 21, 1907. There was no reason why the defendant could not have inquired of the justice what he intended to do, before he left the justice's office. The justice was not obliged upon the instant after the evidence closed, to announce publicly the judgment. His record does show that he entered judgment publicly on June 21, and it was easily within the power of the defendant to have learned that fact by inquiry, and the facts do not warrant the neglect of the defendant to take the appeal when he did ascertain that judgment had been entered against him. He had then ten days in which to take it, and we fail to find anything either upon the record, or in the defendant's answer, which would excuse his action and warrant the court in extending the time asked.

And now, December 9, 1907, for the reasons above stated, the rule to show cause why the appeal should not be quashed and stricken from the record, is made absolute.

*Error assigned* was the order of the court.

*Rogers L. Burnett,* for appellant.—Under the circumstances, the time for appeal runs from the end of ten days, or from the date of notice of judgment, if such notice be given before the

ten days expire: Boyd v. Ward, 10 Pa. C. C. Rep. 9; Hoffner v. Kottka, 2 Pearson, 360; Taylor v. Smith, 2 Clark, 318; Haines v. Townsend, 1 Chester County Rep. 146; Imler v. Houser, 1 Pa. C. C. Rep. 6.

*C. C. Shull,* for appellee.—An appeal from the judgment of a justice of the peace will not be allowed after twenty days, where the fault is that of the party: Butterworth v. Pratt, 1 Chester County Rep. 53; Orth v. Groff, 8 Lancaster Law Review, 12; Patterson v. Gallitzin B. & L. Assn., 23 Pa. Superior Ct. 54; Haines v. Townsend, 1 Chester County Rep. 146.

PER CURIAM, April 20, 1908:

The nature of this case and the question presented for decision are sufficiently stated in the opinion of the learned judge below. For the reasons given by him we conclude that the order complained of was clearly right under the facts.

The order is affirmed at the costs of the appellant.